Yeviits, J.
The reasons assigned for the reversal of this j augment, that require notice, are:
*438 1st. Because the state of demand is insufficient,
And 2d. Thatthe plaintiff below did not prove, on the trial, that the defendant had sold the goods, alleged to have been sold by him, in the state of demand.
The suit was brought upon the following state of demand: “ That on, &c., at, &c., in consideration that the said plaintiff, at the request of the defendant, would deliver to the defendant certain goods, (describing them,) of the value of ninety-nine dollars, to be sold by the defendant for the account of said plaintiff;” and for reasonable reward, he, the defendant, undertook to “ endeavor to sell the same, and render a just account of the moneys arising therefrom, and pay to the plaintiff the proceeds when requested. That he did deliver said goods to the defendant, who did sell them on and for account of the plaintiff, for a large sum of money, to wit, one hundred and thirty-five dollars; and although the said plaintiff has requested the said defendant to pay to him the proceeds of said sale, he has refused to do so. Wherefore, Ac.”
I cannot perceive, upon the face of this demand, any ground for the exception taken. In form, it corresponds with the process; and, in substance, it contains all that is necessary to show what the plaintiff claims, and on what account, and set forth, in a mode perfectly intelligible, and showing a legal cause of action. The plaintiff alleges, that on a certain day, at the defendant’s request, he delivered certain goods to the latter, to be sold for a reasonable reward. That the defendant promised to render an account of the moneys arising from the sale, and pay over the proceeds when requested. That he did sell them for one hundred and thirty-five dollars, and refused to pay the proceeds to the plaintiff. I cannot well perceive how the plaintiff could have spread his claim upon paper more clearly than he has done. The defendant s promise was to sell and pay the proceeds; the breach that he did sell, and refused to pay the proceeds. It was not necessary for the plaintiff to allege that the defendant received the proceeds of the sale. If he sold the goods, he ought to have received the consideration, and the law will presume he did. If he sold on a credit, he was bound to show an authority to do so. It might, perhaps, have been objected that the demand, on its face, showed a claim exceeding the jurisdiction of the justice, as *439 it alleges that the «ales amounted to one hundred and thirty-five dollars. But this objection was not urged on the argument, nor do I think it could prevail: 1st, because the plaintiff, in his demand, claims only ninety-nine dollars; 2d, because the defendant filed an offset reducing it below one hundred dollars. The state of demand is well enough.
As to the second reason assigned, the sufficiency of the proof, it does appear, from the testimony sent up and agreed upon by the parties, that the defendant has sold the goods, or some of them mentioned in the demand, and that he likewise received the money, or some money, on the sale. This was a question of fact, however, for the jury to decide, and there is no proof before us that they decided wrong, 4 Hal. 196. Another reason assigned for the reversing of this judgment, is, that it was not properly entered ; that it omits to state whether for debt or damages. The common pleas reversed the judgment of the justice, and rendered judgment in favor of the plaintiff for seventy-eight dollars and eighteen cents, besides costs, taxed at forty-three dollars. The omission to state that the judgment was for seventy-eight dollars and eighteen cents debt, is not such an error as will warrant us to reverse. The action was in debt, the claim in debt, and the judgment must be referred to them. The court below could at any time amend, by adding the word debt.
I am of opinion that the objections to this judgment are not sustained, and that the same be affirmed with costs.
All the court concurred.

Judgment affirmed.